May it please the Court, Honorable Justices, Appellant's position is that... Can you tell us your name? Oh, I forgot a critical fact. Thank you, Your Honor. My name is Wilmer Harris, appearing on behalf of Appellant J.G. All right. Good morning. Good morning. The District Court order denying attorney's cease in this motion must be reversed for two fundamental reasons. Pardon me. First, the critical question of law is whether the District Court judgment in Appellant's favor fundamentally or materially altered the legal relationship between the litigants. In this case, the District Court issued a judgment which found, as a matter of its observation of the trial, that Defendant LAUSD had violated my client's rights under the Americans with Disabilities Act, as well as the Rehabilitation Act. The District Court referred to Rhodes, and it was extensively cited by your friend on the other side. I could only find Rhodes cited once in your opening brief, on page 16, inside a block quote from another case. Do you agree with the District that Rhodes is directly on point? And if not, why not? I do not agree, Your Honor, and the reason is, is because in this case, what we have is a declaratory judgment which establishes that plaintiff's claims, still pending in the District Court trial set for March 10th, will prevail because of the principles of collateral estoppel. Rhodes did not involve an application of the collateral estoppel doctrine. What we have here is a case where, in essence, by invocation of the District's rights under the 11th Amendment, the case was split into two. In the federal court action, the underlying facts were determined by the court in a bench trial. The court found that there was unlawful segregation of my client for the 2018-2019 school year. Does it matter that the declaratory relief was only pursuant to that unlawful segregation for 2018-2019 school year, given that J.G. had already left Lowman at the time when the Well, the answer to that, Your Honor, I think is that there was no, unlike the District Court's statement in the order, there was no mootness in this case. My client... Well, but what relief can you now get? Because obviously, that's in the past. You got no money for that time, but you got the declaration that he was not in the least restrictive environment for a period of time that's already passed. What more can he get out of this judgment? That's what I'm having a hard time, and you would concede you have to show that, right? I have to show that there's a legal... That the legal relationship between the litigants has been altered. And it has been directly altered, Your Honor, by virtue of the fact that we have a state court action that we will take the findings of the District Court, they apply in the state court action, and they compel a finding, a judgment in our favor in that action. Well, except for now, your client's how old? He is 23. All right, and he continues to be evaluated? Right. Although he's not with LAUSD anymore, just so that's clear. Okay, so he's not there anymore, so you can't compel them to give you money for that period of time, right? That's done. Yes, we can, because in the state court action, the judgment injured by the District Court compels us to a judgment in that case. So, we will recover damages directly as a result of the District Court judgment. Well, and so what did the District Court say about that? The District Court said that's not true, right? The District Court didn't rule on that issue because it wasn't in front of the District Court. The District Court merely issued a finding that my client's rights under the Americans with Disabilities Act and Rehabilitation Act were violated. The court also found that my client suffered damage as a result of that. And of course, there's the difference in standard under the federal statutes that we tried the case under. They require filing of either intentionality or directless disregard. In the state court action... Well, and didn't the District Court make some sort of ruling about that? The court said that there was no finding of deliberate indifference or recklessness or intentionality, but under the state court action, we don't have to show that. It's a normal preponderance of the evidence standard for finding damages. So, based on the District Court's judgment in this action, we are therefore entitled to victory in state court. And so, as a result, that is the most fundamental alteration of a legal relationship than one can imagine. Imagine for a second, Justices, if this case were tried in one, and of course, the district had the right under the 11th Amendment to compel them to be litigated in separate venues. But if they were litigated in one case, it would have been very clear that the judge would have had to find for us, based on his ruling, that there were a breach of the duty not to segregate students unlawfully, that that breach caused my client damages, which is in the findings of fact and conclusions of law. And then the only thing would have been different that will occur now in state court is that instead of applying the more rigorous deliberate indifference standard, the court will have to apply the preponderance of the evidence standard. Well, I think in Farrar v. Hobby, the Supreme Court said, a judicial pronouncement that the defendant has violated a law unaccompanied by an enforceable judgment on the merits does not render the plaintiff a prevailing party, and that the moral satisfaction that results from any favorable judgment of law cannot bestow prevailing party status. So how is the district court's finding of unlawful segregation anything other than this type of moral satisfaction? It's the same sort of situation as the Zuckerman case we cited in our papers, Justice, where there was a finding that the Postal Service violated the rights of the plaintiff. But does it matter that the Zuckerman court didn't address whether the plaintiff was a prevailing party within the context of a fee-shifting statute? It matters in the sense that Justice Wallach is correct. It was in a different procedural posture. What the court did in that case was made clear that the judgment in that case secured the plaintiff in that case right to be free from viewpoint discrimination in that case, clarified that the Postal Service could no longer discriminate against him or anyone else. And that is the critical factor in our case. We not only have, as I've argued before, the collateral estoppel ruling that will and is, by stipulation of the parties, applying in the state court action. So that is the most fundamental alteration possible. There will be a monetary damage award in the state court because of the district court's judgment. Secondly, the judgment clarified the rights. My client was still an LAUSD student at the time of the trial, at the time of the judgment. So there was still the right. The resegregation was a real threat, as I've stated in the papers, and therefore this judgment clarified his right to be free from viewpoint discrimination. I'm sorry, but at any given time where a student belongs, they evaluate them, and the circumstances can change. So that particular judgment doesn't automatically mean at a particular time. Like, client says they get older. Maybe they would become, you know, like they've been violent in school, or things have happened, and then they would say, well, no, you can't go back there. So that judgment doesn't automatically mean he could never be kept out of that school again, does it? I would concede that point, Your Honor, but I would raise this one in its place. The issue was that the district, as we've stated in our papers, throughout the entirety of the litigation, through trial, post-trial, has always contended that my client was not properly placed, that he should have been left at the Lowman School and not placed at the general education campus. So the controversy that was still pending at the time of the judgment, that the judgment satisfied, was whether the district's contention was correct. It was a live controversy all the way through judgment, and therefore it did. It's not like the circumstance you mentioned, Your Honor, where they could just, as a result of their normal routine reevaluation, would have an opportunity to reconsider. It was a live contention between the parties that had gone on for five years as to whether the client should have been. I'm sorry I interrupted you, Judge Wallach. Oh, I'll save my question for later. Okay, do you want to save a little time for rebuttal? Yeah, I'll save a minute or so for rebuttal. Okay, thank you. Thank you very much. Okay, we're ready to hear from the district. Good morning, Your Honor. Good morning. May it please the Court, Matthew Hicks for defendant and appellee, Los Angeles Unified School District. Mr. Hicks says, has the school district stipulated to a judgment in the state court action? Absolutely not. Counsel's statement is significant overreach. To answer your first question, Rhodes is directly on point. Where they say it is not on point because of some sort of collateral estoppel doctrine, no legal authority has been cited that applies some sort of small win on a declaratory relief issue in a federal action and then relate it to the related state court action. What the courts are talking about, about material alteration or fundamental change between the parties, is between those parties on the issues in the federal court. Well, what I heard him say, your friend on the other side, that JG is using the district court's judgment in the pending California state court action. Why is that not enough to establish that he is the prevailing party? First of all, I will address that. But first of all, Judge Bernal in the district court specifically asked for supplemental briefing on the issue of whether there was a material alteration. They buried the Rhodes case in a footnote and did not address it where Judge Bernal said this case is directly on point. Judge Bernal evaluated all of that through the supplemental briefing in four days of trial and said there was absolutely no material alteration. They not once in the supplemental briefing or in their opening brief took up this argument about some sort of victory in this related state court action. They only brought it up in the reply brief. So I would argue it had been waived. That being said, to answer your question, we have destroyed their state court action. They brought seven, eight causes of action through demurs and motions to strike. We have gotten rid of their California Disabled Persons Act cause of action. We have gotten rid of their California Unruh Civil Rights cause of action. We have gotten rid of their intentional infliction of emotional distress cause of action. We got rid of their negligence per se. What's left? Negligence and a cause of action for violation of the Equal Protection Clause. And for counsel to say they're going to automatically get some sort of damage judgment in the state court action is absolutely incorrect. They haven't moved from some sort of motion for summary judgment or adjudication on that issue. We have to try that issue. There's going to be jury instructions. They can argue collateral estoppel that they got this one un petit victory on the issue of not the most integrated setting for one school year, although Judge Bernal said the other 12 years it was the perfect setting for this kid. They're going to have to try that case before a jury in March of 2025. So they're not automatically going to get a win on this. If they're going to argue collateral estoppel allows them to win on this, well, then we can argue collateral estoppel allows us to win on every other facet of their claim in the state court action because we won on every facet of the state, of all the claims in the federal court action. So I totally disagree with their position that they're automatically going to get some victory in the state court. That has to be tried. But I would even, before we even go there, the federal court cases don't tie some sort of related state court action to the fundamental alteration of the material alteration of the party's conduct between the two. In this case, Javier Guerrero, by the way, he had IEPs every year, where the mom, the guardians are part of the IEP team, and they agreed to Lowman Special Education Center, and this was litigated in the federal court before Judge Bernal. The IEP team agrees on where the setting is. It wasn't until, in fact... We need to call him J.G. No, no, because they've used his full name, Javier Guerrero, in all kinds of briefings that are public with the court, now that he's 22, 23 years old. Okay, so what I was saying was... I kind of lost my train of thought, sorry. I think you were saying this was a Pyrrhic victory, basically, that has no collateral estoppel effect. And what I take offense at is they've now tried to recast this case in several different ways. Their three theories during the district court trial was a failure to provide effective communication. That was a huge part of their case. They shouldn't take offense just because you disagree. Fair enough. Thank you, Your Honor. I get personally engaged in these cases. The second claim was that there was a failure to reassess this kid and provide psychological assessments over the years. The third part of the case was what they would call unlawful segregation. They totally lost on the first part, effective communication, 100% victory for the school district. We won on the failure to reassess portion of their claim. We won on 98% of the unlawful segregation part of their claim. And the judge found no intentional conduct, no deliberate indifference, and no damages. So what do they do on their fee motion? They recast this as only an unlawful segregation case, that 2% victory that they say they had, versus what really they tried and what they alleged in their complaint. And then, what's worse, on the opening brief on their appeal, they recast this as a declaratory relief case. Oh, because he said there was improper placement for one school year. We won on declaratory relief. So I do take umbrage at the fact that they're trying to recast this case to get what they really want. Well, I was a little – was it for a year or was it for four months? Or what was it exactly that he was improperly segregated? Okay, so there was an underlying IDEA case where there was an administrative law ruling where, for I think it was a three-month time period, he was not in the least restrictive environment. He was not in the most integrated setting. They filed a motion for summary judgment, and Judge Bernal ruled, yes, I agree with the administrative law judge's ruling on that. And then we tried the issue, and it was for – which was his senior year. The evidence is clear. The mom wanted him to graduate with his classmates at Lowman, and there was a decision to move him to Sun Valley High School. So there was no material alteration or fundamental change in the party's conduct, whether they filed litigation or not. Your friends rely on Wilcox. There was a dollar there. If there had been a dollar here, it would be a different case, wouldn't it? Well, I would still think you'd have to go back to the U.S. Supreme Court decisions. It would be a different case. A dollar would be a different case. Well – It's not exactly the same. It would be some damages, and there is some – we'd have to look at the nominal damages and decide. Yeah, but the case law is clear. You have to take that little component and say, well, they didn't prevail on all of this, so maybe they prevail on this. They don't get $750,000 in attorneys fees, which is what they sought. So I would say it that way. You would say it's not – they don't – you would still make your arguments, but it would be a different case if they got a dollar. The legal analysis would flow from the U.S. Supreme Court decisions that talk about what you can get when you're mostly unsuccessful and slightly successful on one part of it, yes. So your friends, as you point out, are seeking a large amount of attorneys fees, and they make a public policy argument. Respond to that, please. The public policy argument, I would argue, is that – They say they've clarified the law and have an important decision here. There's no evidence of that. All this was – this wasn't written up in any journals. In fact, our victory at LASD was written up in the Daily Journal. There was – we do address that in our brief, but their statement that this is some great victory for humankind is significant overreach, and there's no evidence of that. So what do we do with the – from your perspective, the district court found there was no deliberate indifference. Basically, the district court said they – it was kind of an administrative – Bureaucratic slippage? Yeah, I guess kerfuffle, as it were. Yeah, bureaucratic slippage. What do we make of those findings? How do those findings play into whatever we decide? Well, it's – I think they're relevant because what the issue is, whether based on this one – to their credit, based on this one finding that he was not in the most integrated setting for one school year, the issue is whether there was a material alteration or fundamental change between the parties. But I do think, looking at it globally, I think it's important that the judge Bernal found no intentional conduct or deliberate indifference standard met, and therefore there's no right to damages. I think that is important, but when it comes to the legal issue of what they're entitled to in terms of attorney's fees, it would come down to the Rhodes case and the progeny therein. Okay. I want to make sure – do my colleagues have any additional questions? No. So then you can wrap it up with, we should affirm, I guess, is what you would say. We do believe you should affirm the district court's decision denying their motion for attorney's fees. Correct. Thank you, Your Honor. Thank you. Very briefly, Your Honor. One of the critical things I think it's important for the court to notice is that in their opposition papers the district pointed out that they claim that they're entitled to a Rule 68 reduction here. I think that actually inadvertently shows the connectedness between the two cases. The district offered to settle the federal court case but contingent upon dismissal of both the state and federal court actions. That shows what we've been arguing, that this is really a two-part act. We've won in the federal court. What's your authority for that? Well, it flows from their own acknowledgment, Your Honor. You have two cases. What legal authority do you have for the proposition that under a Rule 68 offer, if it's global, that that links the two cases in this fashion? I think, as we said in our papers, Your Honors, we've made an argument that the papers, excuse me, that the two claims are basically interconnected and the findings in one case will apply as collateral stop on the other. I don't have a case to cite, to Your Honor's point, about the interconnectedness from a Rule 68 perspective. I believe that's a relatively unique argument. But I think what it does show that's relevant to the court's consideration is that you have one case that's being played out in two different venues. As a result of the ruling from the district court, the judgment entered in plaintiff's favor here, then we now will be able to demonstrate to the state court of appeals, excuse me, the state court litigation in trial court that we are a prevailing party. If the court has any concern about whether the rule of collateral stop will apply in a state court action, that will be resolved very shortly. You know, we have a March 10th trial date. The parties, as we put into the record, the parties entered into a stipulation in state court as a result of the trial court and state court's request to meet and confer about the collateral stop on race judicata doctrines in this case. What plaintiff did as a result of that was, in the acknowledgment of the fact that collateral stop will apply against us, we removed the claims that we did not prevail on in federal court and included the claims that Judge Bernal found in our favor on. So from that perspective, I mean, all of the elements of a negligence cause of action, duty, breach, and causation are satisfied by Judge Bernal's findings in this case. So there's really no question, as a matter of law, that the collateral estoppel doctrine will apply. All right, you're over your time. Let me make sure whether my colleagues have any additional questions. All right, they do not. So please just wrap up in a few words that you want us to reverse. I'd like you to reverse, Your Honor, because I believe the district court did not address the collateral estoppel argument, even though it was made before it, and that once that doctrine is recognized, it's clear that there's been far more than just nominal damages received here, that there's been far more than just a pyrrhic victory. We have an actual victory that we will just be able to reap in a different court at a different time. Thank you. All right, thank you both for your arguments. This matter will stand submitted. Thank you.
judges: SCHROEDER, CALLAHAN, Wallach